# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## HELENA DIVISION

CARL EUGENE MANNS                                                                    PETITIONER
Reg # 17228-076

V.                                    2:10-cv-00016-JMM-JJV

T. C. OUTLAW,                                                                        RESPONDENT
Warden, FCI - Forrest City

## ORDER

Petitioner, Carl Manns, is an inmate incarcerated at the Forrest City Low Unit of the Federal Correctional Institution. Petitioner is currently serving a 135-month sentence for deprivation of civil rights that was imposed in 2002 in the United States District Court for the Western District of Tennessee. His petition indicates he is scheduled to be released on December 25, 2011.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, "[i]f it plainly appears from the petition and any attached exhibits that the [P]etitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the [P]etitioner." This rule is applicable to § 2241 petitions through Rule 1(b) of the Rules Governing Section 2254 Cases.

Mr. Manns filed his habeas petition on February 10, 2010 (Doc. No. 1), in which he appears to be asking the Court to order the Bureau of Prisons to grant him the maximum amount of time (12 months) in the Residential Re-entry Center (RRC). According to Petitioner, the BOP director has implemented a policy of not allowing inmates to participate in the RRC for more than six months. However, Petitioner readily admits he has not exhausted his administrative remedies for the claim he is attempting to bring. He asks the Court to waive the exhaustion requirement.

The United States Court of Appeals for the Eighth Circuit has consistently held that before

seeking federal habeas corpus relief under 28 U.S.C. § 2241 an inmate must exhaust their available administrative remedies.[1] *See United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (holding that before filing an action in district court, an inmate must first exhaust his administrative remedies by presenting his claim for relief to the BOP); *Kendrick v. Carlson*, 995 F.2d 1440, 1447 (8th Cir. 1993).

The United States Court of Appeals for the Eighth Circuit has identified four objectives that are promoted by the exhaustion requirement: "(1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level." *Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976). "The benefits from prior administrative review are substantial" and "[t]he procedure must be give an opportunity to succeed." *Id.*

Petitioner contends he should be excused from the exhaustion requirement because it would be futile. Petitioner appears to argue the BOP will not place inmates in the RRC for more than six months because the BOP director released a statement saying "offenders who spend more than six

---

[1] The BOP's administrative remedy process is set forth at 28 C.F.R. §§ 542.10-.19. "An inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy, [via a BP-9]." 28 C.F.R. § 542.13(a). If the inmate is not satisfied with the informal resolution, he may:

> submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended . . . Appeal to the General Counsel is the final administrative appeal.

28 C.F.R. § 542.15(a).

months in a halfway house tend to do worse rather than better." (Doc. No.1, p. 7). He argues that the adoption of this statement by the BOP demonstrates that any efforts to exhaust would be futile. (*Id*.).

The Court does not find that Mr. Manns' argument excuses him from the exhaustion requirement. While he sets forth a logical argument, the BOP has not created a "hard and fast" rule that no inmate may be placed in a RRC for longer than six months. It has merely set forth a general statement regarding placement in the RRC. Despite this statement, the BOP should be given an opportunity to resolve Petitioner's case. Because he has not given the BOP an opportunity to review his case, he cannot be certain the BOP would not find him to be a suitable candidate for placement in a RRC for more than six months. By first seeking an administrative resolution, prison authorities may address Petitioner's claims without the need for court intervention. While Petitioner may be correct and the BOP may place him in a RRC for six months or less, the longstanding judicial precedent requires that the BOP be given the opportunity to address Petitioner's argument first.

Accordingly, the Court finds this action should be dismissed pursuant to Rule 4 of the Governing Rules, because Petitioner did not exhaust his available administrative remedies before seeking federal habeas review of his claims. Petitioner's claims are dismissed without prejudice so he may first seek relief through the prison's administrative process.

IT IS SO ORDERED this 26th day of February, 2010.

_____
JAMES M. MOODY
UNITED STATES DISTRICT JUDGE